UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS DAVIS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CAROLYN W. COLVIN, ) <br> Commissioner of Social Security, ) <br> ) <br> Defendant. ) | No. CV 12-3063 AGR <br><br> MEMORANDUM OPINION AND ORDER |

Plaintiff Thomas Davis filed a complaint on April 13, 2012. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge on May 17 and 18, 2012. (Dkt. Nos. 8, 10.) The parties filed a Joint Stipulation ("JS") on December 17, 2012, that addressed the disputed issues in the case. The court has taken the matter under submission without oral argument.

Having reviewed the entire file, the court affirms the decision of the Commissioner.

# I.

## **PROCEDURAL BACKGROUND**

On March 18, 2009, Davis filed applications for disability insurance benefits and supplemental security income benefits, alleging an onset date of January 1, 2008. The applications were denied. Administrative Record ("AR") 75-76. Davis requested a hearing. On July 20, 2010, an Administrative Law Judge ("ALJ") conducted a hearing at which Davis, a medical expert, psychological expert and vocational expert testified. AR 30-74. On August 2, 2010, the ALJ issued a decision denying benefits. AR 14-24. On February 9, 2012, the Appeals Council granted review and issued the final decision of the Commissioner.[1] AR 1-8. This lawsuit followed.

# II.

## **STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), this Court has authority to review the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence or it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

In this context, "substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009); *Moncada*, 60 F.3d at 523. When determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. Where the evidence is susceptible to more than one rational

---

[1] The Joint Stipulation states the Appeals Council "cast the decision of the ALJ dated August 2, 2010, as the final decision of the Commissioner." JS 4. However, the Appeals Council's Notice states the "[t]he enclosed decision is the final decision of the Commissioner of Social Security in your case." AR 1.

interpretation, the Court must defer to the decision of the Commissioner. *Moncada*, 60 F.3d at 523.

## III.

## EVALUATION OF DISABILITY

### A. Disability

A person qualifies as disabled and is eligible for benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

### B. Commissioner's Findings

The Appeals Council adopted the ALJ's evidentiary facts to the extent applicable. AR 4. Davis met the insured status requirements through September 30, 2009. AR 20.

The Appeals Council found that Davis had the severe impairments of degenerative disc disease of the lumbar spine, early left knee osteoarthritis and morbid obesity. AR 6. He had the residual functional capacity ("RFC") to "lift 20 pounds occasionally and 10 pounds frequently, stand or walk for four hours in an eight-hour workday as well as sit for six hours in an eight-hour workday. Additionally, he was restricted to occasional climbing, balancing, stooping, kneeling, crouching, and crawling." *Id.* Although Davis could not perform any past relevant work, there were jobs that exist in significant numbers in the national economy that he could perform.[2] *Id.*

### C. Credibility

"To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007) *see also Vasquez*, 572 F.3d at 591.

---

[2] The vocational expert had given examples such as food and beverage order clerk and charge account clerk, both of which are sedentary jobs. AR 23.

At step one, "the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.' The claimant, however, 'need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom.' 'Thus, the ALJ may not reject subjective symptom testimony . . . simply because there is no showing that the impairment can reasonably produce the *degree* of symptom alleged.'" *Lingenfelter*, 504 F.3d at 1035-36 (citations omitted); *Bunnell v. Sullivan*, 947 F.2d 341, 343 (9th Cir. 1991) (en banc). The Appeals Council stated that it adopted the ALJ's statements regarding the evidentiary facts, as applicable, and the ALJ's findings or conclusions regarding whether Davis is disabled. AR 4. The court interprets these statements to mean that the Appeals Council adopted the ALJ's findings as to credibility. The ALJ found that Davis' medically determinable impairments could reasonably be expected to produce the alleged symptoms. AR 22.

"Second, if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Lingenfelter*, 504 F.3d at 1036 (citations omitted). "In making a credibility determination, the ALJ 'must specifically identify what testimony is credible and what testimony undermines the claimant's complaints.'" *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (citation omitted). "[T]o discredit a claimant's testimony when a medical impairment has been established, the ALJ must provide specific, cogent reasons for the disbelief." *Orn v. Astrue*, 495 F.3d 625, 635 (9th Cir. 2007) (citations and quotation marks omitted). "The ALJ must cite the reasons why the claimant's testimony is unpersuasive." *Id.* (citation and quotation marks omitted).

In weighing credibility, the ALJ may consider factors including: the nature, location, onset, duration, frequency, radiation, and intensity of any pain; precipitating

and aggravating factors (e.g., movement, activity, environmental conditions); type, dosage, effectiveness, and adverse side effects of any pain medication; treatment, other than medication, for relief of pain; functional restrictions; the claimant's daily activities; and "ordinary techniques of credibility evaluation." *Bunnell*, 947 F.2d at 346 (citing Social Security Ruling 88-13,[3] quotation marks omitted); *see Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). The ALJ may also consider inconsistencies or discrepancies in claimant's statements; inconsistencies between claimant's statements and activities; exaggerated complaints; and unexplained failure to seek treatment. *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002); *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). "If the ALJ's credibility finding is supported by substantial evidence in the record, we may not engage in second-guessing." *Thomas*, 278 F.3d at 959; *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999).

The ALJ found that Davis' "statements concerning the intensity, persistence and limiting effects of [his] symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." AR 22. The ALJ essentially discounted his credibility based on his daily activities. *Id.* The Appeals Council found that its RFC assessment was supported by the objective medical evidence. AR 5.

"Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis." *Burch*, 400 F.3d at 681. The Appeals Council's analysis of the medical record is supported by substantial evidence, but this factor is not sufficient by itself to discount Davis' credibility.[4]

---

[3] Social Security rulings do not have the force of law. Nevertheless, they "constitute Social Security Administration interpretations of the statute it administers and of its own regulations," and are given deference "unless they are plainly erroneous or inconsistent with the Act or regulations." *Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989).

[4] The Appeals Council did not describe any inconsistencies between Davis' subjective allegations and his presentation or demeanor observed by his physicians.

The ALJ stated: "There are specific and legitimate reasons for rejecting the claimant's excess symptom testimony. The claimant spends most of the day in the house watching television. He can bathe, feed and dress himself. Sometimes he goes to fast food stores. The claimant can heat food in the microwave oven. The claimant shops, drives a car and handles money. He is able to leave the house alone to attend appointments. The claimant lives with his sister and relies on his siblings to pay the bills. The claimant indicated that he does not like to be around people because he thinks people stare at him and laugh. However, he enjoys spending time with his sister. He also stated tha[t] he likes to be by himself." AR 22, 198, 200, 202.

Although a claimant need not "'vegetate in a large room,'" an ALJ may consider whether the claimant engaged in daily activities inconsistent with the alleged symptoms, and whether the claimant's daily activities indicate capacities that are transferable to the work setting. *Molina v. Astrue*, 674 F.3d 1104, 1112-13 (9th Cir. 2012). At the 2010 hearing, the ALJ succinctly stated that the issue was whether Davis could perform sedentary, unskilled jobs such as those identified by the vocational expert.[5] AR 51. Davis testified that he had been obese since high school but for "the last couple of years" his weight exceeded 550 pounds. AR 45. He had a car but the seat belt did not fit him anymore, and he had difficulty getting into or out of a car. *Id.* He stays home and does not really go anywhere because it is hard to get around without being out of breath. AR 45-46. He did not get out of breath while sitting but sometimes was out of breath while laying down. AR 46. The ALJ interpreted Davis' level of activity to be inconsistent with an assertion that he could not perform sedentary work. This court

---

This would have been a permissible factor. *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012).

[5] The ALJ acknowledged that Davis would need a wider chair. AR 67. The vocational expert testified that the jobs he identified would not require accommodation for an individual of Davis' size. AR 62, 64. The vocational expert observed that Davis could come within a couple of feet of the desk in front of him and read papers or reach a phone. AR 63.

cannot say that the ALJ's interpretation of Davis' testimony and activities of daily living is not supported by substantial evidence.

## IV.
## CONCLUSION

IT IS HEREBY ORDERED that the decision of the Commissioner is affirmed.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: March 15, 2013

ALICIA G. ROSENBERG
United States Magistrate Judge